ARONOW, APPELLANT, *v.* ANDERSON, RESPONDENT.

(No. 8,080.)

(Submitted May 27, 1940. Decided June 11, 1940.)

[104 Pac. (2d) 2.]

*Mr. Louis P. Donovan,* for Appellant, submitted a brief.

*Mr. D. W. Doyle* and *Mr. Neil D. Heily,* for Respondent, submitted a brief; *Mr. Doyle* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought action in the district court of Toole county to quiet title to certain oil and gas leases covering property situated in that county. Defendant Anderson was named as one of many defendants. He was not served personally with process, but there was attempted service by publication. He made no appearance in the case. Judgment thereafter, and on January 29, 1938, went against him and some other defendants, adjudging that "they are hereby forever barred from any and all claim of right or title to the said premises or lien thereon, or interest therein, or any part thereof."

On May 18, 1939, Anderson moved to set aside the judgment as it affected him on the principal ground that the affidavit for publication of summons was insufficient upon which to base the order of publication, and hence that the service by publication was unauthorized. The court sustained the motion and entered an order vacating and setting aside the decree as it affected Anderson. Plaintiff has appealed from the order.

The affidavit for publication of summons, so far as applicable to the point we are considering, stated: "That the following named defendants [including Anderson] reside out of the State of Montana, and cannot after due diligence be found within the State of Montana, and that the last known residence" of Anderson is Shelby, Montana.

The statute governing service of summons in a suit to quiet title is section 9482 et seq., Revised Codes. Section 9482 provides in part that "when any defendant specifically named in such complaint resides out of the state, or has departed from

the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons * * * , the plaintiff * * * upon filing with the clerk of said court an affidavit setting forth the facts with reference to any of such defendants upon whom personal service of summons within the state cannot be made, within the meaning of the foregoing provisions of this section, may obtain an order for the service of summons upon such defendants last mentioned, to be made by publication."

Section 9484 provides: "The affidavit provided for in the two preceding sections shall clearly show that the necessary facts exist, and that the plaintiff has used due diligence in all respects as to which due diligence is required in such case by the preceding sections. The facts constituting due diligence shall be set out in said affidavit."

Section 9486 provides: "The provisions of sections 9105 to 9124, inclusive, so far as the same are not in conflict with these sections, are hereby made applicable to the action herein provided for."

It is the contention of the plaintiff that, since the affidavit recites that Anderson resides out of the state of Montana, it meets the requirements of the statute, and there is no necessity for the affidavit to allege anything further. She relies upon the case of *Ervin* v. *Milne,* 17 Mont. 494, 43 Pac. 706. That case had to do with what is now section 9117. That section enumerates the grounds for obtaining an order for the publication of summons in the same language as does section 9482, but unlike section 9482, section 9117 provides for the issuance of an order of publication upon filing an affidavit stating "any of these facts." That was a legislative determination that the statement that defendant "resides out of the state" is the statement of a fact. Section 9482, as affected by section 9484, requires the affidavit to "clearly show that the necessary facts exist." The *Ervin Case* was not one to quiet title, and it was decided before sections 9482 et seq. were passed. Also the case of *In re Baxter's Estate,* 98 Mont. 291, 39 Pac. (2d) 186, involved section 9117, and not sections 9482 et seq.

It is our view that under section 9482 the affidavit must show the evidentiary facts upon which the ultimate fact is asserted that the defendant resides out of the state before a valid order for publication of summons can be made. If this were not so, there would have been no occasion for section 9484. The naked allegation that defendant resides out of the state, without a statement as to where he does actually reside, is not sufficient without a recitation of facts upon which the ultimate fact is based. This is particularly true in view of the fact, as here, that it is recited that Anderson's last known residence was Shelby, Montana, which negatives the idea that he was known to reside outside the state of Montana.

Cases from other courts are of but little aid in view of differences in the statutes of the several states. See, however, cases listed in the note in 37 L. R. A. (n. s.) 211 et seq.

The court was warranted in setting aside the judgment so far as it affects Anderson. The order appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.