MILNE, Respondent, *v.* LEIPHART et al., Appellants.
No. 8674
Submitted September 20, 1946. Decided November 14, 1946.
174 Pac. (2d) 805

Mr. S. J. Rigney, of Cut Bank, for appellants.
Messrs. Church & Harris, of Great Falls, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Plaintiff brought this action to quiet title to certain land in Pondera county alleged to belong to him.

The answer alleges that Josephine Leiphart is the owner in fee simple of the land; that plaintiff's claim of title is based upon tax deed proceedings which are void in that, first, the land was immune from taxation because it was Indian trust patent land and, second, that the notice of application for tax deed was not served in the manner required by law.

The answer by way of cross-complaint alleges that defendant Josephine Leiphart is a member of the Blackfeet Tribe of Indians and a ward of the United States, and that the lands involved were allotted to her as such by a trust patent dated February 28, 1918, whereby it was provided that the lands shall be held in trust for a period of 25 years for her sole use and benefit and at the expiration of that time to be conveyed to her by patent free of all charges and encumbrances; that on March 18, 1918, the United States, without right or authority of law, issued a fee patent to defendant Josephine Leiphart; that thereafter Pondera county wrongfully placed the lands on the tax rolls.

The reply placed in issue most of the allegations of the answer. It alleged that if a trust patent had ever issued as alleged in the answer, it was never placed of record and plaintiff had no knowledge of it; it admitted the issuance by the United States of a patent conveying fee-simple title to defendant Josephine Leiphart and that the county thereafter placed the lands on the tax rolls.

By way of affirmative allegations in answer to the cross-complaint, plaintiff alleged that the patent of March 18, 1918, was unconditional and conveyed to defendant Josephine Leiphart fee-simple title to the lands freed of any trust of any kind; that defendant Josephine Leiphart accepted the patent and caused it to be recorded; that defendants obtained a loan from the Stockman's State Bank of Browning on June 24, 1918, for

$1,000 and executed a mortgage on the property here involved to secure the loan, which mortgage was duly recorded; that on September 5, 1922, the First National Bank of Kalispell, as assignee of the note and mortgage, brought foreclosure action which was later dismissed as settled; that on September 25, 1922, defendants made another mortgage on the property to Emma Hoppe to secure the payment of a note for $6,000; that on December 28, 1923, defendants gave to Emma Hoppe a warranty deed to the property, which was duly recorded; that on June 14, 1928, Emma Hoppe and her husband conveyed the property to defendant Harvey Leiphart who later conveyed it to defendant Josephine Leiphart; that both defendants have at all times regarded and treated the land as owned by them in fee and that they dealt with it as absolute owners, and that Josephine Leiphart after the issuance of the patent no longer regarded herself as a ward of the United States; that the land has been regularly assessed since 1919 without objection by defendants.

The reply also alleged that by reason of plaintiff's good faith in reliance upon the unrestricted patent which was recorded and since the trust patent was not recorded and since defendants have not asserted any interest in the land through plaintiff and his predecessors in interest have been in possession thereof, defendants are now estopped from asserting or claiming any right in the property.

Defendants moved to strike from the reply all the allegations in answer to the cross-complaint, which motion was denied.

At the trial plaintiff introduced in evidence the fee patent from the United States to Josephine Leiphart; the deed from the defendants to Emma Hoppe; the deed from Emma Hoppe and her husband to Harvey Leiphart; a tax deed to Pondera county on March 3, 1936, reciting that the taxes for the year 1920 in the name of Harvey Leiphart had not been paid and the property had been sold to Pondera county for the payment of the tax on October 2, 1921. He also introduced a quitclaim deed of June 4, 1936, from Pondera county to Warren L. Lewis covering

the lands involved and a quitclaim deed from Lewis and his wife to plaintiff. Defendants offered in evidence the trust patent dated February 28, 1918, and a quitclaim deed of October 24, 1942, from Harvey Leiphart to Josephine Leiphart.

Josephine Leiphart testified that she has been a member of the Blackfeet Tribe of Indians during all her lifetime, being a one-half blood Indian. She was asked "you always have been and still are a member of the Blackfeet Tribe and a ward of the United States?" She answered, "Yes Sir." On cross-examination she testified:

"Q. Shortly after you acquired this land, acquired a fee title to it, you gave a mortgage on it, did you not? A. Yes.

"Q. To the Stockman's State Bank at Browning? A. Yes sir.

"Q. To secure payment of a thousand dollars? A. Yes sir.

"Q. And later on you gave a mortgage to Emma Hoppe? A. Yes, Emma Hoppe.

"Q. To secure $6000.00? A. I don't remember that.

"Q. You don't remember the amount? A. No sir.

"Q. And then in 1923, you and your husband joined in a deed to Emma Hoppe, didn't you? A. Yes sir.

"Q. And then in 1928, Emma Hoppe and Arthur Hoppe, deeded the land back to your husband Harvey Leiphart? A. She turned it back to him instead of making it in my name. She makes a mistake, issued it to him.

"Q. To him rather? A. Yes sir.

"Q. I would like to see that deed, and then Mr. Leiphart didn't deed it back to you until October, 1942? A. Yes sir.

"Q. What schooling did you have? * * * How far did you go in school, in other words? A. Fifth grade."

The court found that fee-simple title by an unrestricted patent was conveyed to defendant Josephine Leiphart by the United States of America on March 18, 1918, and that it is through that patent that defendants claim title to the property; that defendants accepted the fee patent and caused it to be filed for record; that defendants thereafter made the mortgages re-

ferred to in the pleadings and afterwards conveyed to Emma Hoppe; that Emma Hoppe and husband conveyed to defendant Harvey Leiphart and that, after the later had lost title through tax sale proceedings, he attempted to make a conveyance to defendant Josephine Leiphart; that tax deed went to Pondera county on October 2, 1921, and the county thereafter quitclaimed to Warren L. Lewis from whom plaintiff acquired the property for value and without notice of any claim on the part of the defendants; that defendant Harvey Leiphart had due notice of application for a tax deed and that the deed was regular in all respects.

Defendants, raising the point by several specifications of error, contend that when the trust patent was issued to Josephine Leiphart she obtained a vested right to have the property held free from taxes for the period of 25 years and that this immunity from taxation cannot be disturbed during the trust period. They contend that all attempted conveyances made by them are void and in support thereof rely upon that part of section 348, U. S. C. A. Title 25 reading: ''And if any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void.''

The weakness of defendants' contentions rests in the fact that here there was also issued an unrestricted patent. Section 349, U. S. C. A. Title 25, which was in effect when the trust patent and the fee patent were issued, authorizes issuance of unrestricted patents by providing: ''That the Secretary of the Interior may, in his discretion, and he is authorized, whenever he shall be satisfied that any Indian allottee is competent and capable of managing his or her affairs at any time to cause to be issued to such allottee a patent in fee simple, and thereafter all restrictions as to sale, incumbrance, or taxation of said land shall be removed and said land shall not be liable to the satisfaction of any debt contracted prior to the issuing of such patent.''

When a fee-simple patent has been issued to an Indian ward ██ he is emancipated (State v. Big Sheep, 75 Mont. 219, 243 Pac. 1067) and the lands thereafter become taxable by the state. Par. second, sec. 4 of the Enabling Act, and sec. 349, U. S. C. A. Title 25.

Here there was no evidence offered to show that Josephine Leiphart was or is incompetent to manage her affairs. The presumption obtains that the Secretary of the Interior regularly performed his official duty (Subd. 15, sec. 10606, Rev. Codes 1935) and that he found that she was competent and capable of managing her own affairs at the time the fee-simple title was granted to her. There is likewise no evidence here that the fee-simple patent was issued to defendant Josephine Leiphart without her consent or that there was any duress or fraud on the part of the government in issuing the fee-simple patent or that she did not accept it. On the contrary, she apparently accepted the fee patent, placed it of record, and withheld the trust patent from the records and thereafter dealt with the property as if she were the absolute owner in fee.

What the court said in State v. Monroe, 83 Mont. 556, 274 ██ Pac. 840, 843, has application here. It was there said: "It is apparent that defendant was granted an allotment of the full amount of land authorized by the 1907 act; and it is evident that the Secretary of the Interior, being satisfied that defendant was competent and capable of managing his affairs, caused letters patent to issue granting the land to him, with no other restrictions than would have been incorporated had the land been granted to a white citizen. However, defendant testified that he did not apply for the patent, but it had been issued to him. He did not say he did not accept it. The instrument was placed of record with the county clerk of Teton county, of which Glacier county was then a part, on the 18th of February, 1919. He did not say he did not cause it to be recorded. * * * 'The patent was issued by authority and direction of law, and upon general principles, where the patentee does not expressly dissent, his assent and acceptance are to be presumed

from the beneficial nature of the grant.' United States v. Schurz, 102 U. S. 378, 26 L. Ed. 167. This presumption, fortified by the circumstances shown, satisfies us that defendant accepted the patent.''

Defendants rely upon the cases of U. S. v. Glacier County, D. C., 17 F. Supp. 411 and 9 Cir., 99 F. (2d) 733, as supporting their contentions. In those cases however, it appeared by stipulation that the Indians did not apply for the patent and that it was issued without their consent. Here there was ample evidence to make it a fact question for the court to determine whether consent was given by Josephine Leiphart to the issuance of the fee patent to her and to justify the court's finding that such consent was given. Glacier County v. Frisbee, Mont. 164 Pac. (2d) 171; U. S. v. Benewah County, 9 Cir., 290 F. 628; U. S. v. Nez Perce County, 9 Cir., 95 F. (2d) 232; Board of Com'rs of Caddo County v. U. S., 10 Cir., 87 F. (2d) 55.

Having consented to the issuance of the fee patent and having mortgaged and sold the land covered thereby, even the government of the United States, acting through the Secretary of the Interior, is not permitted to cancel the patent and restore the trust patent status. Sections 352a and 352c, Title 25, U. S. C. A. Neither may the allottee in such circumstances disregard the fee patent, the conveyance thereafter made, and claim the rights of the trust status.

Under the circumstances here shown the court was warranted in finding that the privilege and right of exemption from taxation was voluntarily surrendered by the allottee in exchange for other rights and privileges, viz. the right and privilege of mortgaging and selling the property as her own.

The other point raised by defendants is that the notice of application for tax deed was not properly served and proof of service was not properly made. Harvey Leiphart was the record owner at the time application for tax deed was made in December, 1935. He admitted that he received the notice by mail on or about the date it bears. The notice recited that the deed would be applied for on March 3, 1936. The notice was

dated December 30, 1935, mailed on. that date at Conrad and addressed to Harvey Leiphart, E. 724 Walton, Spokane, Washington. So far as Harvey Leiphart is concerned the notice was sufficient under section 2209, Revised Codes. Defendants contend that proof thereof was not properly filed in the county treasurer's office before the issuance of the tax deed as required by section 2212, Revised Codes. An affidavit was filed by the county clerk in the county treasurer's office showing that he deposited in the United States post office at Conrad an envelope containing a copy of the notice, by registered mail, postage prepaid, addressed to Harvey Leiphart, E. 724 Walton, Spokane, Washington. That was sufficient proof to justify the county treasurer in issuing the tax deed. It is contended that the affidavit of publication was not sufficient because not made by the printer. Section 2209 requires publication of notice only in case the post office address of the owner, mortgagee or assignee be unknown. So far as Harvey Leiphart is concerned there was no requirement that notice be published.

Defendants contend that the notice was insufficient because not served upon Josephine Leiphart. The law merely requires notice to be served upon the owner, occupants and mortgagees. Sec. 2209, Rev. Codes. Harvey Leiphart was the record owner. He was properly served. Josephine Leiphart was not the then owner, mortgagee or occupant. It is suggested in the brief of counsel for defendant that she, as the wife of Harvey Leiphart, has a dower interest in the property and this gives her the right of redemption, and that therefore she was entitled to notice of the application for tax deed. It is to be noted that this point is not raised by the pleadings. By the pleadings Josephine Leiphart claims to be the absolute owner of the property and nowhere is it sought merely to protect the inchoate right of dower. Our statute does not seem to contemplate any proceedings for the protection of the dower interest prior to the death of the husband. Ample provisions are made for the assignment of the dower interest after the husband's death. Section 10158 et seq., Rev. Codes. ''After the right

has become fixed by the death of the husband, she can assert it despite the rights of creditors, heirs, or any person whomsoever." Dahlman v. Dahlman, 28 Mont. 373, 72 Pac. 748, 750. In any event, if the wife may take any steps to protect her dower interest prior to the death of her husband, she must raise the point by appropriate pleadings. Since the point is not raised by the pleadings, we do not pass upon it.

The judgment is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Cheadle concur.