May W. BENTLEY, Raymond L. Rusnak
and Joseph Homan, Appellants,

v.

ROSEBUD COUNTY, MONTANA,
Appellee.

No. 14693.

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1956.

Rehearing Denied March 14, 1956.

Brown, Sande & Forbes, Rockwood Brown, Jr., Billings, Mont., for appellants.

Russell K. Fillner, County Atty., Rosebud County, Mont., H. G. Young, Forsyth, Mont., for appellee.

Before ORR and LEMMON, Circuit Judges, and HARRISON, District Judge.

ORR, Circuit Judge.

Appellants brought an action in the District Court to quiet title to an interest in certain real estate situate in Rosebud County, Montana. The question posed for solution is whether there was a sufficient compliance with applicable Montana law in affidavits made by officials of Rosebud County to authorize the county treasurer of that County to convey title to the property in question by tax deed.

Mrs. Bentley, one of the appellants, was the owner of the property attempted to be conveyed. She defaulted in the payment of taxes. The officials of Rosebud County conducted a tax sale. The County became the purchaser and the county treasurer of said county issued a tax deed purporting to convey title to said property to said County. The validity of the tax deed is in dispute.

On May 17, 1947 Rosebud County quitclaimed the property to Roy M. King and E. L. Grebe of Sumatra, Montana, reserving to the County, by reservation in the deed, a royalty interest of six and one quarter per cent of all oil, gas and minerals recovered and saved from the said land. Thereafter, on August 31, 1948, the said Roy M. King obtained a decree of the Montana District Court for Rosebud County quieting title in King and purporting to bind May W. Bentley and others.

By deed dated April 5, 1952 appellant May W. Bentley quitclaimed one half of her interest to appellants Raymond L. Rusnak and Joseph Homan. The instant appeal concerns the conflicting claims of appellants and Rosebud County to oil, gas and mineral rights which have become very valuable by reason of the discovery of oil on the property.

Appellants rely on section 2209, Revised Code of Montana, 1935 [1] in force at the date of the issuance of the said tax deed. This section requires the purchaser of property sold for delinquent taxes to serve upon the owner of the said property and other named persons a written notice setting forth certain prescribed matters and informing persons so served of the said purchaser's pending application for a tax deed. Section 2209.1 [2] makes this procedure applicable

1. Section 84-4151, Revised Codes of Montana, 1947.

2. Section 84-4152, Revised Codes of Montana, 1947.

to tax deed purchases by a county. Notice is required to be given by registered mail at least sixty days in advance of the date of issuance of the tax deed. In the event the owner's post office address is unknown the statute requires the purchaser to publish the said notice once each week for two successive weeks in a newspaper published in the county where the property is situated, the first publication of the notice to be made at least sixty days in advance of the issuance of the said tax deed.

Section 2212, Revised Codes of Montana, 1935,[3] requires, before the issuance of a tax deed, the filing with the county treasurer or other officer of "an affidavit showing that the notice hereinbefore required to be given *has been given as herein required,*" emphasis added. Appellants maintain that the affidavit filed before the issuance of the tax deed in the instant case failed to satisfy the requirements of sections 2209 and 2212, supra, and therefore renders the purported sale invalid. The contents of the affidavit are set forth in note 4.[4]

The affidavit sets forth that the notice of application was published in a newspaper in Forsythe, Montana for two successive weeks, however, there is no averment that the first publication was made sixty or more days in advance of the date of the tax deed as is required by section 2209. The affidavit makes reference to records in the office of the clerk but this reference will not suffice because the treasurer is limited in his determination of what has transpired to an inspection of the documents before him which must of themselves affirmatively establish all facts necessary to his authority to issue a tax deed, Perry v. Maves, 125 Mont. 215, 233 P.2d 820. Nor is the missing averment supplied by statements made in the Notice of Application for Tax Deed, a copy of which was attached to the affidavit and was filed with the county treasurer. This application contained a statement that application for a tax deed would be made sixty days aft-

3. Section 84-4156, Revised Codes of Montana, 1947. The section was amended by Section 1, Ch. 17, L. 1947.

4. "Affidavit and Proof of Service "Guy W. Gray, being duly sworn, on oath deposes and says:

"That he is the duly elected, qualified and acting County Clerk of Rosebud County, Montana;

"That May W. Bentley, named in the Notice of Application for Tax Deed attached hereto, is the owner of the property described therein, and that ........, and that no other person, firm or corporation owned or held any portion of said property, or any other mortgage thereon, according to a search of the Rosebud County records;

"That he served a copy of the attached notice upon May W. Bentley by depositing in the post office at Forsythe, Montana, an envelope containing a copy of said Notice, securely sealed with postage both regular and for registration thereon, and marked 'Return Receipt Requested', said envelope * * * being addressed as follows:

"May W. Bentley, Madison, Wis.,

"That the said letter * * * was returned and is on file in the office of the County Clerk of Rosebud County, Montana;

"That he caused to have a notice of application for tax deed published in the Forsythe Independent for two consecutive weeks as is further shown by affidavit of publication which is on file in the office of the County Clerk of Rosebud County, Montana;

"That the property described in said Notice is unoccupied;

"That the property described in said Notice of Application for tax deed, for which Rosebud County claims title because of unpaid taxes thereon, pursuant to Sec. 2209 of the 1935 Revised Codes of the State of Montana, as amended by Chapter 105 of the 1939 Session Laws of the State of Montana, is as follows, to-wit:

"All Section 15, Township 11 N. Range 32 E. M. P. M.

"Guy W. Gray
County Clerk.

"Subscribed and sworn to before me this 4th day of January 1943.

"J. J. McIntosh
(Seal) Notary Public for the State of Montana Residing at Forsythe, Montana.
My Commission expires August 14, 1943."

er service of the notice. That notice was drafted and dated before the publication required by the statute, at a time when the date of publication could not have been known. The statement at most constitutes an expression of intention to comply with the statutory prescriptions.

■ In summarizing the numerous cases in which it has considered the proper construction to be placed upon the above-cited statutes, the Supreme Court of Montana declared as follows, Perry v. Maves, supra, at 233 P.2d 820, 821:

"Proceedings on tax sales are *in invitum*. Every essential or material step prescribed by the statute must be strictly followed. If the requirements of the statute are not strictly followed the sale may be avoided. In the county treasurer's proceedings to sell the land there is no distinction recognized between the mandatory and directory requirements of the statute. The county treasurer must act as the statute directs. Otherwise he acts without authority and the purported sale which he assumes to make is invalid. This holds true even though the requirement with which the county treasurer failed to comply was not one enacted for the protection of the owner of the land.

"In Jensen Livestock Co. v. Custer County, 113 Mont. 285, 295, 296, 124 P.2d 1013, 1018, 140 A.L.R. 658, this court held that 'The county treasurer's jurisdiction to issue a tax deed must rest upon the affidavits of service required by the legislature to be filed with him.' There, speaking through Mr. Chief Justice Johnson, this court further said: 'Furthermore the treasurer was or was not authorized to issue the deed. * * * Under the statute his jurisdiction arises solely from the affidavits of service which are filed with him, and

not merely from the fact of service or from his knowledge of it otherwise than through the affidavits. * * * In other words, the treasurer has no jurisdiction to issue a tax deed until there has been filed with him "an affidavit showing that the notice hereinbefore required to be given has been given *as herein required*," etc. Cullen v. Western Mortgage & Warranty Title Co., 47 Mont. 513, 134 P. 302; Gallash v. Willis, 90 Mont. 148, 300 P. 569; Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 P.2d 567. "In determining the sufficiency of tax title proceedings, the record alone may be considered and defects or omissions may not be corrected or supplied by anything dehors the record." Harrington v. McLean, 70 Mont. 51, 223 P. 912, 914; Fariss v. Anaconda Copper Mining Co., D.C., 31 F.Supp. 571, 576.' " [5]

In Perry v. Maves the court held that one who is properly served in a tax court proceeding, but as to whom the affidavits before the county treasurer who issues the deed do not affirmatively show full compliance with the statutory procedures for service of notice, is not bound by the tax deed proceedings and may have the deed declared invalid by instituting thereafter an action to quiet title in his own name.

■ In the instant case the affidavits before the county treasurer failed to show service by publication sixty days prior to the issuance of the tax deed as required by section 2209, supra. Hence, under the rule of the Perry case the tax deed is fatally defective.

But, appellee argues that under the holding in Milne v. Leiphart, 119 Mont. 263, 174 P.2d 805, the affidavit is sufficient. In the Milne case a side issue was presented as to the sufficiency of the affidavits filed with the county treasurer. Whether or not the affidavits failed to

**5.** See also Lowery v. Garfield County, 122 Mont. 571, 208 P.2d 478; Ross v. First Trust & Savings Bank, 123 Mont. 81, 208 P.2d 490, and Mitchell v. Garfield County, 123 Mont. 115, 208 P.2d 497.

show the date of the personal service of notice there had does not expressly appear. In the Milne case the court held that the affidavit before it was sufficient to justify the county treasurer in issuing a tax deed. There was no discussion or citation of authorities on the question of sufficiency. If we assume, as does the appellee, that the affidavit in the Milne case did not state the date of the service of notice but was nevertheless held sufficient we are persuaded that the Milne holding is contrary to the consistent approach adopted in the other Montana cases cited in the quoted passage supra, both earlier in time to Milne and subsequent thereto. We think the Milne decision was overruled sub silentio by the later decision of Perry v. Maves.

■ The appellee urges consideration of that part of section 2209, supra, which reads as follows:

"In all cases due proof of service of notice in whatever manner given, supported by the affidavit required by law, must be filed immediately with the clerk and recorder of the county in which the property is situated, and be kept as a permanent file in his office, and such proof of notice when so filed shall be prima facie evidence of the sufficiency of the notice."

This section does not preclude the necessity of filing an adequate affidavit. The sufficiency of the notice itself, the sole matter with which the quoted provision

purports to deal, is not the issue here. The section is not applicable.

■ A defense of estoppel is interposed. It is claimed that appellants are estopped to assert the invalidity of the tax deed proceedings because of the 1948 judgment of a Montana court which, as heretofore noted, quieted title to the land in Roy M. King, successor in interest to Rosebud County. Appellants' answer is that May W. Bentley was not properly served in the former quiet title action and that therefore the court was without jurisdiction to include her in its decree; secondly, that Rosebud County was not subject to the jurisdiction of the court for the reason that the statutory procedure for service of process on a county was not followed and therefore, under the doctrine of mutuality, the county may not assert the defense of estoppel by judgment and finally, that even though both parties became subject to the jurisdiction of the court in the former action they were not there adversaries and therefore neither may assert the defense of res judicata against the other. We believe the first contention disposes of this defense.

The service of process on May W. Bentley in the former action was made by publication. Section 93–6206, Revised Codes of Montana, 1947, former section 9482, Revised Codes of Montana, 1935, describes the manner in which authorization for publication of summons in actions to quiet title may be had.[6] Section 93–6207, Revised Codes of Montana,

6. "Service of Summons by publication, when. When any defendant specifically named in such complaint resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, or * * *, the plaintiff, upon the return of the summons showing due personal service upon all defendants specifically named in the complaint, other than such as come within the meaning of the foregoing provisions of this section, and upon filing with the clerk of said court an affidavit setting forth the facts with reference to any of such defendants upon whom personal service of summons within the state can-

not be made, within the meaning of the foregoing provisions of this section, may obtain an order for the service of summons upon such defendants last mentioned, to be made by publication."

The omitted portion of this section deals with service of summons on absentee corporations. Section 93-6206 was amended by section 1, Ch. 66, L.1949 and again by section 1, Ch. 229, L.1953, which amendments prospectively eased the stringency of the earlier rule, which, however, must govern this case. See Revised Codes of Montana, Vol. 7, 1955 Cumulative Pocket Supplement, section 93-6206.

1947, former section 9483, Revised Codes of Montana, 1935, prescribes procedures to be followed in obtaining an order for publication.

In applying the statute we are controlled by the decision of the Supreme Court of Montana in the case of Aronow v. Anderson, 110 Mont. 484, 104 P.2d 2. There it was held that a former judgment in an action to quiet title where service had been made by publication will be set aside upon a showing that the affidavit filed in support of the motion for an order allowing service by publication failed to fulfill the statutory requirements of setting forth the evidentiary facts supporting the conclusion that the defendant resides out of the state. The affidavit in the Aronow case stated, 104 P.2d 2, 3, " 'That the following named defendants (including Anderson) reside out of the State of Montana, and cannot * * * be found within the State of Montana, and that the last known residence' of Anderson is Shelby, Montana." The court said, 104 P.2d 2, 3:

"It is our view that under section 9482 the affidavit must show the evidentiary facts upon which the ultimate fact is asserted that the defendant resides out of the state before a valid order for publication of summons can be made. If this were not so, there would have been no occasion for section 9484. * * *"

In the instant case the affidavit in support of the motion for publication, so far as pertinent to May W. Bentley, averred only that May W. Bentley last resided at Madison, Wisconsin, and that diligent search had been made in and around Rosebud County as to the address of the unserved defendants and "they cannot be determined * * *." These averments are conclusions analogous to those found insufficient in the Aronow case, supra. Moreover, a comparison of the affidavit with the four conditions set forth in sec. 93–6206, supra, discloses that it fails to aver, even by way of conclusion, matter sufficient to satisfy any of the required conditions. The court failed to acquire jurisdiction as to May W. Bentley and the decree, as to her interests, is without force and effect.

In the case of West v. Capital Trust & Savings Bank, 113 Mont. 130, 124 P. 2d 572, the Supreme Court of Montana recognized that where, as here, it affirmatively appears on the record of a prior case upon which a party seeks to assert an estoppel that the court in the former action acted beyond its jurisdiction, the judgment of the former action may be collaterally attacked. There, as in the instant case, the first action was a suit to quiet title and the second action was a subsequent suit to quiet title brought by one who had been named as a party defendant in the first action. The plaintiff in the second action was allowed to attack the former judgment, the court stating, 124 P.2d 572, 576:

"The rule is stated in 34 C.J. 551, as follows: 'Where the facts upon which a court assumes jurisdiction are recited in the record, and appear by it to have been such as would not in law confer jurisdiction, the judgment may be impeached collaterally; for in this case there can be no presumption, in aid of the judgment, that the recitals of the record are incorrect or incomplete, or that something was done which the record does not show to have been done, the whole record being taken together for this purpose. Thus, where the record recites that the defendant was duly served with process, but the record shows that no service was made, or shows a service which is insufficient and unauthorized by law, it may be collaterally impeached.' "

The court permitted the former judgment to stand for the reason that the judgment roll before it did not affirmatively show a want of jurisdiction. In the case at bar want of jurisdiction affirmatively appears.

The appellee relies on the case of Clinton v. Miller, 124 Mont. 463, 226 P.2d 487, in support of his contention that, notwithstanding what was said in Aronow v. Anderson, supra, failure by an af-

fiant to set forth the facts evidencing the conclusions upon which a motion for an order for service by publication is based does not go to the question of the jurisdiction of the court. That case, however, is not in point. The affidavit there considered was the affidavit required to be filed after completion of service stating the manner in which service had been made. The case did not deal with the sufficiency requirements of an affidavit filed before service and supporting a motion for service by publication such as we consider here, and such as was considered in Aronow v. Anderson. The opinion in the Clinton case itself recognizes this distinction. The court emphasized, 226 P.2d 487, 495, 496, that there service had been made and jurisdiction attached prior to the filing of the affidavit there considered and concludes only that a faulty affidavit of service could not divest the court of jurisdiction already attached.

There is no merit in appellee's contention that May W. Bentley was bound by the 1948 decree, despite improper service, because that action was in rem and against all the world. The Montana statute classifies defendants in actions to quiet title into two categories, known and unknown, section 93–6204, Revised Codes of Montana, 1947. Pursuant to this section the plaintiff may name all known persons who assert an adverse claim. May W. Bentley was specifically named. Under the provisions of section 93–6206, supra, any defendant specifically named must be served as prescribed, see sections 93–6202 and 93–3007. Failure to follow the statutory prescriptions is jurisdictional, section 93–6210. The provision binding parties not named in the complaint applies only to unknown parties, section 93–6211.

We are persuaded that the purported tax deed issued to Rosebud County was not valid and did not convey any interest, that the Montana court in the 1948 action had no jurisdiction over the appellant May W. Bentley and that, the absence of jurisdiction affirmatively appearing on the judgment rolls here in evidence, the former judgment is not a bar to the assertion by appellant of her title to the property in suit.

Judgment reversed.