Lamar HUNT, Plaintiff,

v.

DAWSON COUNTY, MONTANA,
Defendant-Appellant,

and

Robin F. Scully, Defendant-Appellee.

C.A. No. 78–2298.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 1980.

Decided July 21, 1980.

Dale Cox, Glendive, Mont., Gene Jarussi, Billings, Mont., for defendant-appellant.

James L. Sandall, Sandall & Cavan, Billings, Mont., on brief; Bob Smith, Billings, Mont., for defendant-appellee.

Before SKOPIL and FARRIS, Circuit Judges, and THOMPSON,* District Judge.

FARRIS, Circuit Judge:

Appellant Dawson County, Montana contracted to sell a parcel of land to J. D. Christianson. The contract did not reserve to the County any royalty interest in mineral rights. Upon performance of the contract, however, Dawson County conveyed the land to Christianson by a quit claim deed which reserved a 6¼ percent royalty interest in all oil, gas and minerals. In 1951, Christianson brought a quiet title action and acquired a confirmation deed which made no reservation of a royalty interest to the County.

Plaintiff Lamar Hunt, lessee of the oil and gas rights to the property in question, brought this interpleader action to determine the validity of the County's royalty interest, naming as defendants Dawson County and the mineral owners who acquired title through Christianson. The United States District Court for the District of Montana found for Christianson's successors in interest on the ground that the County was bound by the result in Christianson's 1951 confirmation deed action. Dawson County appeals, contending that it was not a party to the confirmation deed action and that its royalty interest in min-

---

* The Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

eral rights was therefore not determined in that proceeding. We agree.

Under the Montana confirmation deed statute in effect in 1951, Christianson was required to name "all persons having any interest in said land, whose interest shall appear of record in the office of the county clerk . . . together with the county treasurer . . . ." Mont. Rev. Codes Ann. § 84-4145 (enacted by 1945 Mont. Laws, Ch. 43, § 2; repealed by 1977 Mont. Laws, Ch. 126, § 15). The provision for naming the county treasurer was intended to give the court jurisdiction to order the treasurer to execute a confirmation deed, not to give him or her authority to represent the County's property interest. The treasurer must be named even if the County has no ownership interest in the contested land.

Mont. Rev. Codes Ann. § 16-803, which was in effect in 1951, provides that a county "must be . . . designated [by its corporate name] in all actions and proceedings touching its corporate . . . property . . . ." Christianson was required to name the County by its corporate name to make it a party to the confirmation deed action. Since he failed to do so, the court had no jurisdiction to determine the validity of Dawson County's royalty interest. To the extent the quiet title judgment and confirmation deed purported to determine the County's interest, they may be collaterally attacked. *Bentley v. Rosebud County, Montana,* 230 F.2d 1, 6 (9th Cir.), *cert. denied,* 351 U.S. 984, 76 S.Ct. 1051, 100 L.Ed. 1498 (1956).

Reversed and remanded.