## CLEE vs. SEAMAN.

1. As a rule, defendant in ejectment is at liberty to controvert plaintiff's title.

2. Where a party went into possession of land under a contract of sale to him to convey " the right title and interest then held by him" (vendor) " of in and to said land," not stating what such interest was or was claimed to be, and also a clause allowing vendee to go into possession: *Held*, that the last provision was a mere quit claim of any possessory right plaintiff might have, and on condition that he should turn out to have such possession or right. *Held* further, that defendant was not estopped from denying plaintiff's title, having obtained possession of the land on the faith of the contract : and continuing in possession, is not estopped from denying any right or title of plaintiff, expressly or by fair implication, asserted or claimed by him in the contract.

3. If the vendor had no possession, actual or constructive, there can be no estoppel.

Error to Wayne Circuit.

*Opinion by* CHRISTIANCY, J.—As a rule the defendant in eject-ment is at liberty to controvert the plaintiff's title. If plaintiff claims that defendant is estopped to deny his title, he must show the facts constituting the estoppel. This, plaintiff undertook to do, by the introduction of the contract with Guilfoil, with certain evidence tending, as he claims, to show that Guilfoil went into possession un-der it, and that defendant claimed the premises through Guilfoil by a deed from his widow and heirs. It is not claimed that Guilfoil would be estopped by the plaintiff alone from denying plaintiff's title. If estopped at all, it is by having obtained from the plaintiff the pos-session of the land by means or on the faith of the contract, or by having placed himself in a position which estops him from denying that he thus obtained the possession. If he did thus obtain it, he would never have been estopped while he continued in possession from denying any right or title of the plaintiff, expressly or by fair implica-tion asserted, or perhaps claimed by him in the contract. The ground of the estoppel is that the vendor gives up the possession to the vendee, and the latter obtains it on the faith of the contract, and it would be a violation of good faith, and a fraud on the vendor to allow the vendee, while he remains in possession, to deny such right or title of the vendor. If he proposes so to do, he must first restore possession to the vendor, and place him in *statu quo.*

It is the possession from the vendor upon the faith of the con-

tract that creates the estoppel, if it exists; and if the vendor have no possession actual or constructive, it would seem to follow that he could not transfer it, and that, this fact appearing, there would be no estoppel. As the vendee, however, may estop himself from denying the title, so he may doubtless under some circumstances, estop himself from denying the possession or right of possession of the vendor, and the fact of having obtained it from him.

When the vendor, as in this case, does not by his own contract set forth, allude to, or undertake to convey any particular estate, but merely agrees to *quit claim such right as he may at the date of the contract have in the premises*, the most that he can be said to assert is that he claims to have some right, which, if he has it, is susceptible of being transferred or conveyed by such quit claim.

And, as the vendee cannot be held conclusively to admit any other or greater title in the vendor than by his contract he appears to have claimed, it is difficult to see any ground upon which the vendee, though going into possession, can be estopped from denying any particular title or interest which the vendor may set up on the trial, since no claim to any one of these was asserted or therefore admitted by the contract. And though each should be disproved, or the vendee should prove any title in himself, less than a full and perfect title to the whole, this does not show that the vendor did not have some other interest or right, or all that by the contract he claimed to have and the vendee is at most only estopped from denying that he had none at all. Besides the want of mutuality, there is no such certainty as is required to sustain an estoppel.

But to estop the defendant from damaging the title of the plaintiff in any form or to any extent in the present case, it was incumbent on the plaintiff to show that Guilfoil obtained the possession from the plaintiff under the contract. To do this he must show that he had the possession or the right of possession before the contract and that he transfered it the defendant and give him the possession; or that the defendant, under the circumstances, is estopped to deny his possessory right.

It was held that the testimony did not tend to show this. The plaintiff gave evidence, however, tending to show that Guilfoil, after the date of the contract, went into the possession, claiming under it. And to determine whether the possession thus taken estopped him

from denying the plaintiff's possession or right of possession, the Court had to consider the possession with reference to the provisions of the contract. The substance of the contract was that, upon the payment of $60 and interest by Guilfoil at certain times, plaintiff agreed to sell and convey to Guilfoil—not the land mentioned in the contract—but only " the right, title and interest then held by him of, in and to the said land, not stating what such interest was or was claimed to be." Plaintiff further agreed that Guilfoil might immediately enter on the land and remain thereon and cultivate the same as long as he should perform the agreement on his part and no longer.

*Held*, That it was quite clear that the provision allowing Guilfoil to go into possession was intended to be co-extensive only with that in respect to the consequence of the title, a mere quit claim of the title, a mere quit claim of any right of possession the plaintiff might have, and on condition that he should turn out to have such possession or right.

There is therefore nothing in the provisions of the plaintiff's agreement amounting to an assertion of possession or right of possession on the transfer of either to Guilfoil without some evidence that he had such right to transfer, and nothing therefore to estop him from denying the right of possession to the plaintiff.

*Held*, further, that no stipulation on the part of Guilfoil amounted to an estoppel on the question of possession. It is clear from the language of Guilfoil's covenant, that it refers to and was intended to provide only for the statute remedy for summary proceedings, by which landlords are authorized to receive possession of lands held over by tenants. The covenant relates to an action of that nature, and does not apply to an action of ejectment.

The charge of the Court below was erroneous; the judgment must be reversed with costs and a new trial ordered.