GALLASH, Appellant, *v.* WILLIS, Respondent.

(No. 6,767.)

(Submitted May 9, 1931. Decided June 10, 1931.)

[300 Pac. 569.]

*Mr. George D. Ore,* for Appellant, submitted a brief.

*Mr. Merle C. Groene,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiff against defendant to quiet title to the northwest quarter of the northwest quarter of section 11, township twenty north, range seventeen east, and other lands. From a judgment for defendant, plaintiff appeals.

The complaint, in so far as material here, alleges that since November 30, 1925, plaintiff has been, and now is, the owner of the lands in question; that the same were assessed for taxes in the year 1924, which were unpaid, and the property sold to Fergus county for delinquent taxes, and a tax sale certificate issued to the county; that thereafter the certificate was sold and assigned to defendant and, on December 21, 1928, the county treasurer issued to him a tax deed covering the lands, which is a cloud upon plaintiff's title. It is further alleged that the tax deed is void for the reason that the affidavit of posting notice of application for tax deed does not show that the notice was posted in a conspicuous place upon the lands as required by law, and does not show that such notice was in fact posted upon the lands, and that the county treasurer was without jurisdiction to issue the tax deed to defendant.

Defendant's answer admits the levy of taxes in 1924, the sale of the lands, the issuance of a tax sale certificate, and the issuance to him of the tax deed, but denies that the affidavit of proof of posting of notice was defective, or that the tax deed is void. It is alleged that on March 13, 1930, the county treasurer of Fergus county issued and delivered to defendant a correction tax deed covering the lands in controversy, which was duly recorded in the office of the county clerk.

Counsel for plaintiff contends, first, that the affidavit of posting notice of application for tax deed was defective and that

the county treasurer was without jurisdiction to issue the tax deed; and, second, that the county treasurer was without authority to issue the correction tax deed of March 13, 1930.

1. Section 2209, Revised Codes 1921, provides that the purchaser of property sold for delinquent taxes must, thirty days previous to the time for redemption, or thirty days before he applies for deed, serve notice upon the owner in the manner particularly pointed out, and, in case of unoccupied property, such notice must be posted in a conspicuous place upon the property.

Section 2212, Id., says that "no deed of the property sold at a delinquent tax sale must be issued by the county treasurer, * * * to the purchaser of the property, until after such purchaser shall have filed with the treasurer * * * an affidavit showing that the notice hereinbefore required to be given has been given as herein required." Here the property was unoccupied.

The affidavit of posting is the basis upon which the treasurer acts; without it he is without authority to issue the tax deed. (*Cullen* v. *Western etc. Title Co.*, 47 Mont. 513, 134 Pac. 302; *Harrington* v. *McLean*, 70 Mont. 51, 223 Pac. 912.) It is incumbent upon the purchaser to show by his affidavit, among other things, that the notice of application for tax deed was posted as required by section 2212, supra.

The affidavit of posting recites "that on the seventeenth day of November, 1928, he posted said written notice of application for tax deed in a conspicuous place upon the property described in said notice, * * * by then and there posting thereon such notice aforesaid, as follows: Posted on a tree on N. W. ¼, Sec. 11 T. 20 N. R. 17 E." It is argued that since only the northwest quarter of the northwest quarter of section 11 was included in the notice and subject to tax deed, the recital that notice was posted on the northwest quarter is insufficient and does not show a 'compliance with the statute. It will be noted that the affidavit expressly recites that the notice was posted *in a conspicuous place upon the property* described in the notice.

The northwest quarter of the northwest quarter is a part of the northwest quarter, so that the recitals in the affidavit are not inconsistent, and, when read together, mean that the notice was posted on the northwest quarter of the northwest quarter of section 11, and show a compliance with the statutory requirement.

2. Upon the trial the deed of December 21, 1928, and the ▮ one of March 13, 1930, were received in evidence, although neither is incorporated in the record before us, and the reason for the second deed does not appear. Counsel insists that the county treasurer was without authority to issue a correction deed, and that the court erred in admitting it in evidence.

When all the proceedings up to the execution of the tax deed were regular and legal, as here, defendant was entitled to have a legal title, and it was the duty of the county treasurer to convey title to him. Any act of the treasurer which fell short of conveying title did not discharge his duty to convey, and his duty was not discharged until he conveyed good title in conformity with the statute. If the first deed was defective and did not correctly record the facts showing a compliance with statutory provisions, or if it substantially departed from the statutory form, such act would not exhaust the power of the treasurer to make a valid deed; his power continued until his duty was properly performed; it was his plain duty to execute a deed in correct form. In other words, neither the power nor the duty of the treasurer was exhausted by the execution of an irregular or improper deed. (37. Cyc. 1429; 3 Cooley on Taxation, 2932; *Prowant* v. *Smith,* 77 Okl. 257, 188 Pac. 93; *Webster* v. *Somer,* 159 Cal. 459, 114 Pac. 575; *Gould* v. *Thompson,* 45 Iowa, 450; *Douglass* v. *Nuzum,* 16 Kan. 515; *Woodman* v. *Clapp,* 21 Wis. 350; *Gibson* v. *Bailey,* 9 N. H. 168.) The court properly received the correction deed in evidence.

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.