COUCH, Respondent, *v.* CHASE, Appellant.

(No. 6,846.)

(Submitted December 5, 1931. Decided January 5, 1932.)

[6 Pac. (2d) 867.]

*Mr. H. S. Kline,* for Appellant, submitted a brief and argued the cause orally.

*Mr. L. E. Rhoades* and *Messrs. Rhoades & Hauge,* for Respondent, submitted an original and a supplemental brief; *Mr. O. C. Hauge* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In 1922, a half section of land in Hill county, owned by Roy W. Dano, and on which Gertrude Lescher Chase held a mortgage, was struck off to the county for unpaid taxes for the preceding year. On February 7, 1927, the county took a tax deed for the land, and on May 16, 1927, conveyed it by quitclaim deed to D. A. Couch, who thereafter made certain improvements thereon.

On April 21, 1928, Couch commenced this action to quiet his title, alleging that Chase claimed some interest in the land, which claim was, however, but an apparent cloud on his title.

On December 22, 1928, Chase filed an answer, claiming under her mortgage, and alleging that the tax deed was void for numerous alleged defects in the proceeding to secure it; she prayed that the deed be declared void, and offered to pay all taxes due on a dismissal of plaintiff's action. By reply, plaintiff denied all new matter, and alleged that the relief sought by the defendant was barred by the provisions of section 2214, Revised Code 1921, as amended by section 1 of Chapter 85, Laws of 1927.

Pursuant to the provisions of Chapter 85, Laws of 1927, above, the court ordered defendant to pay into court the sum of $836, for the reimbursement of plaintiff for improvements made, in the event defendant prevailed in the action. This the defendant failed and refused to do.

The cause came on regularly for trial before the court and therein plaintiff objected to the introduction of proof by the defendant on the ground that she had, under the provisions of Chapter 85, above, waived any defect in the tax deed by failing to make the required deposit in court. The presiding judge intimated that he considered plaintiff's position well taken, but, in order to do justice, admitted all testimony offered and, both sides having rested, the court made findings to the effect that plaintiff is the "owner in fee" of the property, and that all of the allegations of the complaint are true,

and therefrom concluded, as a matter of law, that plaintiff is entitled to have the cloud, constituted by defendant's mortgage of record, removed from his title. The usual decree quieting plaintiff's title and declaring that defendant has no estate, right, title, or interest in the premises, and is forever enjoined and debarred from asserting any claim or title adverse to plaintiff, was entered.

Defendant has appealed from the judgment. It is contended on her behalf that the law in force at the time of the tax sale governs as to redemption, and that, if the law of 1927 purports to place a greater burden upon the owner of lands in this respect than was imposed by the law theretofore in effect, it is unconstitutional; consequently, the court was without authority to impose upon defendant the condition precedent that she pay the amount paid for improvements into court. The fact conditions herein do not warrant the determination of this question.

Section 2214, Revised Codes of 1921, provides, among other things, that "no action can be maintained to set aside or annull a tax deed upon any ground whatever, unless the action is commenced within two years from and after the date of issuance of such tax deed." The amendment (sec. 1, Chap. 85, Laws of 1927) had a dual purpose: First, to shorten the period of limitation prescribed to one year; and, second, to impose the additional burdens mentioned.

If Chapter 85 was declared unconstitutional as to the second purpose, or on any of the grounds urged by defendant, such declaration would not affect the amendment in its reduction of the period in which such an action may be maintained, for, where a part only of a statute is unconstitutional, and it is possible to eliminate the invalid portion without destroying the whole statute, such construction must be adopted. (*State ex rel. Esgar* v. *District Court,* 56 Mont. 464, 185 Pac. 157.)

Section 2214 is a statute of limitations (*Cullen* v. *Western Mortgage & Warranty Co.,* 47 Mont. 513, 134 Pac. 302), in which the time could be shortened by the Legislature with-

out impairing vested rights, provided a reasonable time is still offered in which to bring action. (*Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566; *In re Colbert's Estate,* 44 Mont. 259, 119 Pac. 791.) Having reduced the period from two years to one year, the legislature provided that, with reference to deeds theretofore issued, the action must be begun within one year after the passage of the act, thus giving all desiring to attack tax deeds an equal and reasonable time.

The statute as amended bars defendant's assertion of any ▮▮▮ right or title in the land, unless the fact that she raised the question as to the validity of the tax deed as a matter of defense renders the limitation inapplicable.

Statutes merely providing that no action "against" the purchaser or "by the former owner" attacking a tax deed shall be maintained, unless instituted within a given time, are held to be "one-sided" statutes, which do not bar the defense of invalidity when the holder of a tax deed seeks to quiet his title. (See *Sweet* v. *Church,* 47 S. D. 299, 198 N. W. 706, citing Kansas cases, including *Walker* v. *Boh,* 32 Kan. 354, 4 Pac. 272, 275; *Kingore* v. *Wallace,* 85 Colo. 381, 276 Pac. 332.)

The leading case of *Walker* v. *Boh,* discloses the anomalous position in which this interpretation of the statute places the parties to such an action by explaining that the holder of a tax deed "may unquestionably retain all that he is in the possession of under his tax deed, but he must not commence an action to obtain something more without being prepared to meet any defense which the defendant may set up," while it is "possible, and even probable * * * that the defendant * * * can never maintain any action, or set up any claim for affirmative relief, that would, in its effects, defeat or avoid the plaintiff's tax deed."

Thus, because the letter of the statute does not apply to every action in which the validity of the tax deed is attacked, unless someone claiming an interest brings a direct action within the period of limitation, title can never be quieted in anyone, and if the holder of the tax deed attempts to maintain such an action after the period has run, and another an-

swers questioning the validity of the deed, the court must discharge all parties hence without relief.

However, even where this rather remarkable rule is followed, it is applied only when the defendant seeks to avail himself of defects in the deed, purely as a matter of defense, and is discarded when he seeks affirmative relief. (*Stump* v. *Burnett*, 67 Kan. 589, 73 Pac. 894; *Muckenthaler* v. *Noller*, 104 Kan. 551, 180 Pac. 453; *Eastern Gulf Oil Co.* v. *Lovelace*, 188 Ky. 238, 221 S. W. 544; *State* v. *Tanner*, 45 Wash. 348, 88 Pac. 321.)

There is no question of fraud, misrepresentation, or jurisdictional defect raised, and cases holding that the statute of limitations does not bar such defenses are not in point.

Our statute (sec. 1, Chap. 85, Laws of 1927, above) is broader than any of those considered in the cited cases; it declares: "No action can be maintained to set aside or annul a tax deed or to assert a title hostile to a tax deed upon any ground whatever, whether on the ground that said deed, or any prior proceeding, was irregular or void, other than that the deed was void because no taxes were delinquent on said lands, or because redemption had been made from said tax sale, unless the action is commenced within one year from and after the date of the issuance of said tax deed \* \* \* [or] the passage and approval of this Act."

In cases of this nature every party is an independent actor, and is a plaintiff as against all other parties whose claims are adverse. (*Welsh* v. *All Persons*, 78 Mont. 370, 254 Pac. 179.) The plaintiff merely asserts title and that the defendants, named or unnamed, claim some right or interest adverse thereto, and demands that they set up their claims; when they do so, their pleadings are in the nature of cross-complaints, on which they become plaintiffs, as in an independent action.

Here the defendant did not present a mere defense to plaintiff's cause of action; she sought to have the tax deed declared null and void in order that her claim under her mortgage might be revived, and "for such other and further relief as to the court may seem just and equitable." Thus, in effect,

in an independent action, defendant sought to "set aside and annul the tax deed" and to "assert a title hostile" thereto at a time when the statute declares such an action cannot be maintained upon the grounds set out in her answer or cross-complaint.

"The often quoted expression that 'Statutes of Limitation may be used as a shield but never as a sword,' is proper in many cases and under many circumstances, but it does not announce a rule of general application." (*McGowan* v. *Carlton*, 143 Okl. 106, 288 Pac. 338.) It has no application here. Defendant's asserted right was barred long prior to its assertion.

Judgment affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.