PERRY, RESPONDENT, v. MAVES, ET AL., APPELLANTS.

No. 9063.

Submitted April 19, 1951. Decided July 10, 1951.

233 Pac. (2d) 820.

Mr. W. B. Leavitt, Miles City, Mr. Homer A. Hoover, Circle, for appellants.

Mr. D. C. Warren, Glendive, for respondent.

Mr. Leavitt and Mr. Warren argued orally.

MR. CHIEF JUSTICE ADAIR:

Suit in equity to quiet title to a half section of land in McCone county. From a decree for plaintiff the defendants have appealed.

On October 7, 1918, the plaintiff Theodore Perry acquired title to the lands here involved and in the year 1931 he paid a part of the taxes assessed and levied against the lands but a part became delinquent and in July 1932 the land on which the taxes were delinquent was advertised for sale and struck off to McCone county. Subsequently the county assumed to convey the land to the defendant A. B. Maves and later A. B. Maves and his wife Nellie executed and delivered a deed therefor to the defendant Charley Maves.

Prior to commencing this suit the plaintiff Perry made due tender to the county treasurer of McCone county of the sum of money representing all taxes, interest and penalties owing upon the land and he stands ready, willing and able to pay any and all sums found to be due or owing upon the final determination of this action.

The trial court made written findings of fact wherein it specifically found that the notice of application for the tax deed filed by the county clerk in the office of the county treasurer is defective; that it did not comply with the law then in force and that in consequence whereof the county treasurer was not authorized to issue the tax deed to McCone county.

The provisions of section 2212, Revised Codes of Montana ■ 1935, were mandatory and prohibitory. One mandate was that an "affidavit *must* be filed *by the treasurer * * in his office.*" This mandate plainly required that an affidavit must be filed in the county treasurer's office. Another mandate of the statute was that the affidavit so filed in the county treasurer's office must show "that the notice hereinbefore required to be given has been given as herein required." The notice so

required to be given was the notice expressly provided for and required by section 2209, Revised Codes of 1935. The provisions of the statute (2212) expressly forbade and prohibited the issuance of a tax deed by the county treasurer until after the above mentioned affidavit had been filed in the county treasurer's office. The prohibition was that no deed of the property sold at a delinquent tax sale must be issued by the county treasurer to the purchaser of the property until after such purchaser shall have filed with the treasurer an affidavit showing the required facts ''which said affidavit *must be filed by the treasurer* as other files, papers, and records kept by *him* in *his* office.'' Emphasis supplied.

In the instant case the county clerk of McCone county, on March 14, 1940, made and filed in the office of the county treasurer an affidavit wherein he, *inter alia*, states: ''That on Feb. 13, 1940, the undersigned filed in the office of the County Clerk and Recorder of McCone County, Montana, an Affidavit and Proof showing the manner in which said Notice of Application for Tax Deed was given, all as provided by the laws of the State of Montana, to which Affidavit and accompanying proofs you are hereby referred.''

The affidavit provided for in section 2212, supra, must state the essential facts, as distinguished from mere conclusions, showing that the notice required to be given by section 2209, supra, has been given and until such affidavit was filed in his office showing such facts the county treasurer was denied the authority and power to issue a valid deed to the purchaser of the property so sold at delinquent tax sale.

Proceedings on tax sales are *in invitum*. Every essential or material step prescribed by the statute must be strictly followed. If the requirements of the statute are not strictly followed the sale may be avoided. In the county treasurer's proceedings to sell the land there is no distinction recognized between the mandatory and directory requirements of the statute. The county treasurer must act as the statute directs. Otherwise he acts without authority and the purported sale which he as-

sumes to make is invalid. This holds true even though the requirement with which the county treasurer failed to comply was not one enacted for the protection of the owner of the land.

In Jensen Livestock Co. v. Custer County, 113 Mont. 285, 295, 296, 124 Pac. (2d) 1013, 1018, 140 A. L. R. 658, this court held that ''the county treasurer's jurisdiction to issue a tax deed must rest upon the affidavits of service required by the legislature to be filed with him.'' There, speaking through Mr. Chief Justice Johnson, this court further said: ''Furthermore the treasurer was or was not authorized to issue the deed. * * * Under the statute his jurisdiction arises solely from the affidavits of service which are filed with him, and not merely from the fact of service or from his knowledge of it otherwise than through the affidavits. * * * In other words, the treasurer has no jurisdiction to issue a tax deed until there has been filed with him 'an affidavit showing that the notice hereinbefore required to be given has been given *as herein required*,' etc. Cullen v. Western Mortgage & Warranty Title Co., 47 Mont. 513, 134 Pac. 302; Gallash v. Willis, 90 Mont. 148, 300 Pac. 569; Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 Pac. (2d) 567. 'In determining the sufficiency of tax title proceedings, the records alone can be considered and defects or omissions may not be corrected or supplied by anything dehors the record.' Harrington v. McLean, 70 Mont. 51, 223 Pac. 912, 914; Fariss v. Anaconda Copper Mining Co., D. C., 31 F. Supp. 571, 576.

''This is necessarily so, since section 2209, after specifying how notices shall be given, provides as follows: 'The owner of the property * * * has the right of redemption indefinitely until *such* notice has been given.' Certainly 'such notice' does not mean 'some notice' or 'any notice,' and neither the county treasurer nor members of the judiciary may substitute their own ideas as to what notice should be considered the equivalent of or substitute for the notice required by the legislature.'' Compare Lowery v. Garfield County, 122 Mont. 571, 208 Pac. (2d) 478; Ross v. First Trust & Savings Bank, 123 Mont. 81, 208 Pac.

(2d) 490; Mitchell v. Garfield County, 123 Mont. 115, 208 Pac. (2d) 497.

The affidavit and notice of application for tax deed in the ▬ office of the county treasurer failing to show the required facts and, being fatally defective, failed to confer upon the county treasurer the jurisdiction, power or authority to issue the tax deed to McCone county as the trial court correctly found and held. The decree is affirmed.

ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANGSTMAN:

I dissent. The only question presented is the validity of a tax deed. Its validity depends upon whether there was compliance with section 2212, Revised Codes of Montana 1935, reading in part: "No deed of the property sold at a delinquent tax sale must be issued by the county treasurer, or any other officer, to the purchaser of the property, until after such purchaser shall have filed with the treasurer, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit must be filed by the treasurer as other files, papers, and records kept by him in his office."

I concede that compliance with this section is necessary before a valid tax deed can issue. I agree with what this court said in Jensen Livestock Co. v. Custer County, 113 Mont. 285, 124 Pac. (2d) 1013, 140 A. L. R. 658. That was a case where there was no service of notice on the occupant and the affidavits made no reference to the occupants of the land. Here the statute was fully complied with and the affidavit asserts that service was made on "all occupants of said premises."

The affidavit filed in the office of the county treasurer, in addition to the matter set forth in the majority opinion, states: "That pursuant to an order of the Board of County Commissioners of McCone County, Montana, I have given notice of applica-

tion for Tax Deed to said lands and premises to the owner and to all mortgagees mentioned and described as such in all unreleased mortgages of record in the office of the County Clerk and Recorder of McCone County, Montana, affecting said lands and premises, and to the assignee and assignees thereof, and to all occupants of said premises, at the time and in the manner and form provided by law.''

I fail to see how an affidavit could be any plainer showing ''that the notice hereinbefore required to be given has been given as herein required.''

There was full and complete compliance with section 2212. To hold otherwise is to substitute shadows for substance.

The affidavit went further and stated that there was filed in the office of the county clerk an affidavit showing the manner of service.

Section 2209, Revised Codes of 1935, in effect when the proceedings were taken, provided for the manner of giving notice of application for tax deed. That statute was fully complied with and plaintiff, who was shown to be the only person interested in the land, was given the notice therein provided for. The last sentence of that section, which was added as an amendment by Chapter 87, Laws of 1921, provides: ''In all cases due proof of service of notice in whatever manner given, supported by the affidavit required by law, must be filed immediately with the clerk and recorder of the county in which the property is situated, and be kept as a permanent file in his office, and such proof of notice when so filed shall be prima facie evidence of the sufficiency of the notice.''

The proof of service filed in the office of the county clerk is here conceded to be sufficient and in full compliance with section 2209, now R. C. M. 1947, section 84-4151, and showing that all interested persons, including plaintiff were served with the notice and that the land was unoccupied.

It is to be noted that section 2209, Revised Codes of 1935, requires that *due proof of service of notice* be filed with the

county clerk. Section 2212 does not require *due proof of service* to be filed in the office of the county treasurer. All that is required is the filing of "an affidavit showing that the notice hereinbefore required to be given has been given as herein required."

Such an affidavit was filed. It recited that affiant has "given notice of application for tax deed * * * to the owner and to all mortgagees * * * to the assignee and assignees thereof, and to all occupants of said premises at the time and in the manner and form provided by law." That affidavit complied with section 2212, supra. It went further and stated that there was filed in the county clerk's office an affidavit showing the manner of service.

Of course, if the affidavit filed in the county treasurer's office were false, anyone adversely affected by it would have had ample redress. That is also true of the affidavit filed in the county clerk's office showing the manner of service. But here both affidavits are conceded to be correct. The only contention is that the one filed in the county treasurer's office was not sufficient to constitute an affidavit as therein contemplated. I think the affidavit was sufficient. If the affidavit were defective it is not as if no affidavit at all were filed. At most the affidavit might be said to be defective in that it states ultimate rather than evidentiary facts but such defect renders the tax deed voidable, but not void.

Defendants pleaded the bar of section 2214, Revised Codes of 1935, which in part provided: "Such deed, duly acknowledged or proved is (except as against fraud) conclusive evidence of all other proceedings from the assessment by the assessor up to the execution of the deed, both inclusive, and no action can be maintained to set aside or annul a tax deed or to assert a title hostile to a tax deed upon any ground whatever, whether on the ground that said deed, or any prior proceeding, was irregular or void, other than that the deed was void because no taxes were delinquent on said lands, or because redemption had been made from said tax sale, unless the action is commenced

within one year from and after the date of the issuance of said tax deed * * *.''

The validity of this statute has been upheld. Couch v. Chase, 91 Mont. 234, 6 Pac. (2d) 867. It validates all irregularities not amounting to jurisdictional defects after the lapse of one year from the issuance of the tax deed. Martin v. Glacier County, 102 Mont. 213, 56 Pac. (2d) 742. Defendants likewise pleaded Chapter 100, Laws of 1943, as a bar.

This court in Lowery v. Garfield County, 122 Mont. 571, 208 Pac. (2d) 478, held that the Short Statute of Limitations provided for by Chapter 100, Laws of 1943, was invalid as special legislation. That statute provides a short limitation when the grantee or his successors in interest take possession of the property. Since we have a general Statute of Limitations applicable to property held by adverse possession, the court condemned Chapter 100, Laws of 1943. That holding is not applicable to section 2214. Likewise, in the Lowery case the court was dealing with a deed which it held to be void. Here at most the deed was voidable, and hence any action to question it has long since been barred by section 2214.

The taxes were permitted to go delinquent in 1931. The property was struck off to the county in 1932. The tax deed was issued to the county in 1940. This action was commenced in September 1948 or 17 years after the taxes were allowed to go delinquent and eight years after the tax deed was issued.

I think the judgment should be reversed and judgment entered for defendant Charley Maves.

MR. JUSTICE METCALF concurs in the dissenting opinion of Mr. Justice Angstman.