R. E. DAVIS, Plaintiff and Respondent, v. JOHN F. STEIN-
GRUBER, et ux., et al., Defendants and Appellants.
No. 9328.
311 Pac. (2d) 784.
Submitted February 27, 1957. Decided May 21, 1957.

Messrs. Loble & Loble & Mr. Gene A. Picotte, Helena, for
Appellants.

Mr. Ralph J. Anderson & Mr. Stanley P. Sorenson, Helena,
for respondent.

Mr. Picotte and Mr. Anderson argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment and decree quieting title to certain described land consisting of 320 acres in Jefferson County.

Respondent, plaintiff in the court below, filed a complaint, joining several defendants, including appellants herein. Other defendants were defaulted, the appellants herein answering the complaint, denying respondent's title and by cross-complaint seeking to quiet title in themselves. Appellants are three brothers. The wife of one of the brothers set up a claim to inchoate right of dower in her husband's alleged one-third interest.

Appellants by their amended answers denied title in the respondent, alleged title in themselves and set up separate and affirmative defenses of (a) laches, (b) R.C.M. 1947, section 84-4159, the statute prescribing a limitation on time within which to bring action to set aside a tax deed, (c) R.C.M. 1947, section 93-2504, the statute of limitations which bars an action for the recovery of or possession of real property unless the plaintiff or his predecessors were seized or possessed of the property within ten years before the commencement of the action, and (d) estoppel.

Trial was had before the court, sitting without a jury.

Respondents' claim to title was based upon a deed from one Jessie Blake, to respondent, dated June 18, 1942, and recorded June 30, 1942. The aforementioned Jessie Blake had been the record owner of the title since December 23, 1922. Her ownership, in turn, had dated back to the original patents in 1912.

Appellants' claim to title was based upon a deed from one Nellie Hogan Walter, dated May 29, 1947. The aforementioned Nellie Hogan Walter had acquired the land by quitclaim deed from Jefferson County, July 6, 1942. Jefferson County had taken the land by tax deed on June 5, 1940. Taxes had been delinquent and unpaid since 1933. Appellant and their predecessors in interest paid up the back taxes in the amount of $68.97 in 1942, and had paid the taxes each year through 1950, prior

to the filing of this action in January, 1951, and during the pendency of the action in the district court.

Appellants began to farm part of the 320 acres in 1947 by plowing and seeding to crops. They eventually cultivated some 130 acres.

Respondent used the land each year for the grazing of sheep. Both parties' use of the land was rather intermittent, during farming or grazing operations.

There was a disputed claim to ownership between the parties to this action right along, but nothing was done by either party until this action was filed.

All of appellants' specifications of error, deemed worthy of note, go to the questions set up by their defenses heretofore mentioned. It should be noted that respondent's title was recorded prior to the purchase from the county by the appellants and their predecessor in interest. Also, the evidence showed that respondent attempted to pay taxes by inquiring of the county treasurer as to the amounts due, but apparently the taxes were assessed to the party to whom the county had sold the land.

We shall consider the doctrines of laches and estoppel together here. Appellants contend that these doctrines have application. The trial court's finding of fact No. 6, reads as follows:

"That the evidence offered in support of the first, second, third and fourth affirmative defenses and also in support of the amended cross-complaint of the defendants, John F. Steingruber, Walter A. Steingruber and Herbert H. Steingruber, and that the evidence in support of the first, second, and third and fourth affirmative defenses of the defendant Nellie Steingruber, is insufficient in law to warrant the relief prayed for in such answers and cross-complaint other than for the reimbursement for the taxes and improvements therein found, with interest at the rate of six per cent on such sums from the dates of payment."

Laches means negligence in the assertion of a right, and exists where there has been a delay of such duration as to render

enforcement of the asserted right inequitable. Riley v. Blacker, 51 Mont. 364, 152 Pac. 758; Montgomery v. Bank of Dillon, 114 Mont. 395, 408, 136 Pac. (2d) 760; Hynes v. Silver Prince Min. Co., 86 Mont. 10, 281 Pac. 548.

As applied here, the respondent recorded his deed in 1942, ▮▮▮ wrote the treasurer about taxes due, used the land annually to graze sheep and built a road. Upon discovery, in 1947, of the cultivation by appellants, he informed them verbally that he was the owner and intended to perfect title. It is true that thereafter, until January, 1951, he did not file an action, but neither did the appellants who knew of his claim to title. There was no unexplained delay without giving notice which would justify the application of the doctrine of laches, nor is there prejudice sufficient to justify the application of that doctrine.

The only evidence of improvements to the property by appellants, and that was disputed, was that some sagebrush plowing and clearing was done to put in crops and also that some fence repairs were made. The appellants had previously had the advantage of the harvest of the crops. No apparent improvements were involved other than those made to raise an annual crop from which the appellants received the benefit.

Neither was there any misleading act or silence or a change of position sufficient to invoke the doctrine of estoppel. The respondent informed appellants of his claim. Whatever appellants did, they did with full knowledge of his claim and intention to assert it. An examination of the record indicates that there was substantial evidence in support of the court's finding that the defense of laches and estoppel have not been established.

Appellants next insist that R.C.M. 1947, section 84-4159, is applicable and urge this court to reverse its holding in Lowery v. Garfield County, 122 Mont. 571, 208 Pac. (2d) 478, in which case that statute was held unconstitutional. R.C.M. 1947, section 84-4159, was a statute of limitations which would have limited any actions to set aside tax deeds to a two-year period after recording and the taking of possession except where the tax deed

was void because no taxes were delinquent or there had been a redemption.

The Lowery case has been three times examined by this court and approved in Ross v. First Trust & Savings Bank, 123 Mont. 81, 208 Pac. (2d) 490; Mitchell v. Garfield County, 123 Mont. 115, 208 Pac. (2d) 497, and Perry v. Maves, 125 Mont. 215, 233 Pac. (2d) 820. Suffice it to say that we are not disposed to reverse these holdings, but treat them as stare decisis.

Appellants' other assertion that the affidavit of service of notice of application for tax deed need not contain a statement whether the premises involved were occupied or unoccupied would also require us to reverse the holdings of the Lowery case and the other cases mentioned above.

The affidavit of service of notice of application for tax deed must recite whether the premises involved were occupied or unoccupied and if occupied by whom. Failure to so recite is a fatal defect. See Kerr v. Small, 112 Mont. 490, 117 Pac. (2d) 271; Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 Pac. (2d) 567; Jensen Livestock Co. v. Custer County, 113 Mont. 285, 124 Pac. (2d) 1013, 140 A.L.R. 658.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN (concurring in part).

I agree that this case is ruled by Lowery v. Garfield County, 122 Mont. 571, 208 Pac. (2d) 478, but I disagreed with the majority opinion in that case as shown by my dissenting opinion therein, and with the subsequent cases wherein the majority refused to overrule it. It is my opinion that it should be overruled as unsound.

Likewise, I do not believe it is of any importance that plaintiff recorded his deed before defendants acquired their interest. The important fact is that plaintiff did not obtain his deed until after Jefferson County had taken a tax deed to the lands.

Accepting the Lowery case as stare decisis, I concur with the majority opinion herein solely on that ground.

MR. JUSTICE ADAIR, dissents.