J. G. MAREK, Plaintiff and Respondent, v. LLOYD E. SMITH, et al., Defendants, and RALPH McVEY, Defendant and Appellant.

No. 9472.
Submitted May 6, 1957. Decided August 9, 1957.
314 Pac. (2d) 864.

Mr. Donald W. McKenna, Hamilton, Messrs. Smith, Boone & Rimel, Missoula, for appellant.

Mr. H. C. Packer, Hamilton, for respondent.

Mr. McKenna, Mr. Jack W. Rimel and Mr. Packer argued orally.

MR. JUSTICE ANGSTMAN:

This is an action to quiet title to real estate in Ravalli County. Plaintiff claims title through delinquent tax proceedings, and the defendant, Ralph McVey, claims title as the grantee from the record owner after he had purportedly lost title through the delinquent tax proceedings.

The trial was had on an agreed statement of facts. The facts agreed to are these: The tax deed issued by Ravalli County was dated March 18, 1942, and ran to Ravalli County; in May, 1942, Ravalli County entered into a contract for deed with the plaintiff, whereby it agreed to sell the property involved to him; on July 2, 1947, Ravalli County issued a deed to the plaintiff conveying the property to him; on September 7, 1949, this action was commenced; on September 13, 1949, defendant, Elizabeth Notti, who for many years prior to the tax title proceedings was the owner of the property, executed a quitclaim deed conveying the property to defendant, Ralph McVey. The deed recited a consideration of one dollar and contained this further allegation: "(the value of the estate hereby conveyed being less than the sum of $100.00 no U. S. Revenue Stamp is required hereon)." It was stipulated at the trial that no affidavit showing notice of application for a tax deed had been filed with the county treasurer before the issuance of the deed within the requirement of section 2212, R.C.M. 1935, then in effect. The principal question raised on the appeal is the effect of the omission to file this affidavit. It has frequently been held by this court that the filing of this affidavit is a jurisdictional requirement, and that the county treasurer is without authority to issue a tax deed until such an affidavit is filed. One of the leading cases on this subject is Lowery v. Garfield County, 122 Mont. 571, 208 Pac. (2d) 478. Other cases taking the same view are: Perry v. Maves, 125 Mont. 215, 233 Pac. (2d) 820; Mitchell v. Garfield County, 123 Mont. 115, 208 Pac. (2d) 497; Ross v.

First Trust & Savings Bank, 123 Mont. 81, 208 Pac. (2d) 490; and Davis v. Steingruber, Mont., 311 Pac. (2d) 784.

Plaintiff contends that defendant McVey's rights are barred because of that part of section 93-2504, R.C.M. 1947, reading as follows:

"No action for the recovery of real property, or for the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question within ten years before the commencement of the action."

This issue is not presented by the pleadings. The record shows that on motion of plaintiff's counsel made several months after the action was commenced, Ravalli County was made a party defendant. The county filed a general demurrer to the complaint on December 24, 1952, which was overruled; and on April 17, 1953, filed an answer disclaiming all interest in the property other than the right to impose or collect taxes. The answer alleged in substance that the tax proceedings were held more than ten years before Ravalli County was joined as a defendant, and therefore it "sets up the statute of limitations as a defense." If we assume that this defense might have been available to the plaintiff it cannot prevail here because the action was commenced less than ten years after the tax title was obtained; the cross-complaint of defendant, Ralph McVey, was filed before the lapse of ten years after the tax title was obtained; and the plaintiff's reply to the answer and cross-complaint of defendant, Ralph McVey, was filed long before the lapse of the ten-year period. Plaintiff, however, was not entitled to rely upon the statute of limitations which came into the case, if at all, merely upon the answer of Ravalli County which was filed shortly before the trial. The rule is that where new parties are brought into a case, and it appears that between the commencement of the suit and the time when they are brought in, the period of limitations had expired, the new parties may plead the statute as far as they themselves are con-

cerned, but the plea is not available to the original defendants. 34 Am. Jur., Limitation of Actions, section 275, pages 223, 224.

The above rule should be particularly applicable to a case such as this where the new party, Ravalli County, filed a disclaimer and to all intents and purposes withdrew from the case. It should be pointed out that plaintiff neither pleaded nor proved any title in him by adverse possession.

Plaintiff further contends that the equities are in his favor. He complains that the offer of defendant McVey to merely pay all taxes, interest and penalties was insufficient in that there was no offer to pay for improvements made on the property by plaintiff. The record shows that on plaintiff's application, and after proper notice and hearing, the court required defendant McVey to deposit $2,757.87 in court pending the outcome of the action. Of this amount $1,200 was fixed as the value of improvements. No appeal was taken from the order fixing the amount McVey was required to deposit in court. There is no merit in plaintiff's contention on this point. We have considered other points urged by the parties, but find the court's judgment in conflict with the holdings of this court in the above-cited cases.

The court erred in finding in favor of the plaintiff. The judgment is reversed; the cause remanded with directions to enter judgment for the defendant McVey; and the court is directed to carry out the mandate of section 84-4158, R.C.M. 1947.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, BOTTOMLY and ADAIR, concur.